# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| JARELL CURNE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:19-cv-00184-SRB |
| TRAXNYC CORP., | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant TraxNYC Corp.'s Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction, and for Plaintiff's Failure to State a Claim. (Doc. #10). As discussed below, the motion is granted because this Court lacks personal jurisdiction over Defendant.

### I. Background

Plaintiff Jarrell Curne is a Missouri domiciliary who brings this lawsuit against Defendant TraxNYC Corp., a custom jeweler based in and operating from New York. (Doc. #1, p. 2; Doc. #10-1, ¶ 2). "All of the jewelry [Defendant] designs is manufactured in New York." (Doc. #10-1, ¶ 3). Defendant does not currently "have any store or business branches or franchises in Missouri." (Doc. #10-1, ¶ 4). Defendant "operates a website" where potential customers can access Defendant's email address "if they wish to commission the design of custom jewelry." (Doc. #10-1, ¶ 5).

Plaintiff wanted to design "multiple chains to be worn as a set while performing on stage because he is a rap musician." (Doc. #1, ¶ 3). On October 20, 2018, while in Missouri, Plaintiff "initiated contact with [Defendant] through its website" to request price quotes on several items

of custom jewelry to be designed by Defendant in New York. (Doc. #1, ¶ 3; Doc. #10-1, ¶¶ 3, 5). An exchange of emails and text messages followed, in which the parties discussed prices and design specifics. (Doc. #1, ¶ 3). Between November 6, 2018, and February 12, 2019, Plaintiff made layaway deposits on several pieces of custom jewelry via Defendant's website. (Doc. #1, ¶¶ 3–4).

After Plaintiff made the layaway deposits, the parties began to disagree about the quoted prices and specifics for the jewelry. (Doc. #1, ¶ 3). Plaintiff asked Defendant to refund his layaway payments. (Doc. #1, ¶ 3). According to Plaintiff's Complaint, "[t]he Defendant lied stating they issued a refund, but would not, and still have not provided Plaintiff, Curne, with a copy of the refund receipts as requested showing it was done on February 20, 2019 like the Defendant said it would." (Doc. #1, ¶ 7). "Due to the breakdown in communication with the Plaintiff, no goods or jewelry were ever shipped to Plaintiff in Missouri." (Doc. #10-1, ¶ 12).

Plaintiff, proceeding pro se, brings claims for "Fraud, and misrepresentation," "Bank Fraud," defamation, intentional infliction of emotional distress, and "Negotiable Instrument." (Doc. #1, pp. 13–17). Plaintiff requests injunctive relief, actual damages, punitive damages, interest, and costs. Defendant filed the present motion, arguing three different grounds for dismissal. First, Defendant argues that Plaintiff's claims do not meet the amount-in-controversy requirement under 28 U.S.C. § 1332(a).[1] Second, Defendant argues that the Due Process Clause bars this Court from exercising personal jurisdiction over Defendant because Defendant does not

---

[1] This Court has subject-matter jurisdiction over this case. First, it is undisputed that there is complete diversity of citizenship among the parties. (Doc. #10, p. 8). Second, it does not appear "to a legal certainty" that Plaintiff's claims do not exceed $75,000 "exclusive of interest and costs." *See* § 1332(a); *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (holding that, while plaintiff's "medical bills fall well below the requisite amount," plaintiff's case survives amount-in-controversy challenge "unless, as a matter of law, [plaintiff] could not recover punitive damages or damages for emotional distress, the amount of damages that [plaintiff] could recover is somehow fixed below the jurisdictional amount, or no reasonable jury could award damages totaling more than $75,000 in the circumstances that the case presents").

2

have sufficient minimum contacts with Missouri. Third, Defendant argues that Plaintiff fails to state a claim upon which relief can be granted.

## II. Legal Standard

When a defendant seeks dismissal for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden to show that jurisdiction exists." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citing *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d at 591–92 (8th Cir. 2011)). The plaintiff's prima facie showing of personal jurisdiction "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072–73 (8th Cir. 2004) (internal quotation marks omitted) (quoting *Block Indus. V. DHJ Indus., Inc.*, 495 F.2d 256, 259 (8th Cir. 1974)). Personal jurisdiction is "either specific or general." *Creative Calling Sols., Inc. v. LF Beauty Ltd.*, 799 F.3d 975, 979–80 (8th Cir. 2015). Specific, or case-linked, personal jurisdiction over a defendant exists when that defendant has sufficient contacts with the forum State and the plaintiff's claim arises from or relates to those contacts. *Id.* (citing *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). General, or all-purpose, personal jurisdiction over a defendant exists when that defendant's contacts with the forum State "are so continuous and systematic as to render [the defendant] essentially at home" in that State, regardless of how the plaintiff's claim arose. *Daimler*, 571 U.S. at 127, 136–39 (holding that an individual's domicile and a corporation's place of incorporation and principal place of business are "paradigm" bases for general personal jurisdiction).

## III. Discussion

Plaintiff does not argue that Defendant is subject to general personal jurisdiction in Missouri, and so this Court will decide only whether it may exercise specific personal

3

jurisdiction over Defendant. A forum court must have both statutory and constitutional authority to exercise specific jurisdiction over an out-of-state defendant. *Creative Calling Sols.*, 799 F.3d at 979 (citing *K–V Pharm. Co.*, 648 F.3d at 592) (holding that personal jurisdiction is proper "if the forum State's long-arm statute permits the exercise of personal jurisdiction and that exercise is consistent with the Due Process Clause"). For statutory authority to exercise specific jurisdiction, a federal court looks to the law of the State where the court sits—usually that state's long-arm statute. Fed. R. Civ. P. 4(k)(1)(A); *see also Walden v. Fiore*, 571 U.S. 277, 283 (2014) (unanimous). For constitutional authority to exercise specific jurisdiction, a federal court looks to the Due Process Clause of the Fourteenth Amendment. *K-V Pharm. Co.*, 648 F.3d at 592.

Under the Due Process Clause, a forum court may exercise specific personal jurisdiction over a nonresident defendant only if "the defendant purposely establish[ed] 'minimum contacts' in the forum state such that asserting personal jurisdiction and maintaining a lawsuit against the defendant does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 592 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985)). Such minimum contacts exist only when the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," so that the defendant "should reasonably anticipate" litigation in the forum State. *Burger King*, 471 U.S. at 474–75 (internal quotation marks omitted) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). This connection between the defendant and the forum State must "arise out of contacts that the defendant [itself] creates with the forum State," *Fastpath*, 760 F.3d at 821 (internal quotation marks omitted) (quoting *Walden*, 571 U.S. at 277), not from "random, fortuitous, or attenuated contacts" or "the unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 475 (internal quotation marks omitted) (quoting *World-Wide*

4

*Volkswagen Corp. v. Woodson*, 444 U.S. 286, 299 (1980); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)).

In the Eighth Circuit, courts "determine the sufficiency of a nonresident defendant's contacts with the forum State" in light of five factors: "1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties." *Fastpath*, 760 F.3d at 821 (citing *Dever*, 380 F.3d at 1073) (holding that courts "give significant weight to the first three factors"). Defendant argues "exercising personal jurisdiction over the defendant would violate due process" because Defendant "can certainly not be said to have availed itself to jurisdiction in Missouri" and thus "Defendant does not have the 'sufficient minimum contacts' required under the Due Process Clause." (Doc. #10, pp. 9–10). Plaintiff argues that Defendant has sufficient minimum contacts with Missouri because Defendant "has had direct contact with" Missouri, "has spoken with the Missouri Attorney General,"[2] "has a contract with [Plaintiff] who resides in Grandview, Missouri," has promised to deliver goods into Missouri, "advertises on Facebook and Instagram social media as well as Ebay to all states within America," "serves customers throughout the United States of America including Missouri," and "has a non-passive website which the Plaintiff" used to pay "for several layaway items." (Doc. #14, pp.6–7). In this case, the Due Process Clause does not allow this Court to exercise specific personal jurisdiction over Defendant even if Missouri's long-arm statute covers Defendant's alleged conduct.

---

[2] The Court rejects this argument. Plaintiff filed a complaint regarding Defendant with the Consumer Protection Division of the Missouri Attorney General's Office. (Doc. #1, p. 30). Defendant was required to respond to this complaint or face penalties. Defendant's response to the Missouri Attorney General's office is the result of Plaintiff's "unilateral activity"; it is not "purposeful availment" by Defendant. *See Burger King*, 471 U.S. at 475.

The first two factors—the nature, quality, and quantity of Defendant's Missouri contacts—weigh against exercising personal jurisdiction over Defendant. *See Fastpath*, 760 F.3d at 821. Defendant is located in New York, not Missouri. Defendant has no stores or offices in Missouri. (Doc. #10-1, ¶ 4). Defendant "does not advertise its products or jewelry in Missouri. (Doc. #10-1, ¶ 6). Defendant's "only connection with any citizens or entities in Missouri is through its website,"[3] (Doc. #10-1, ¶ 6), and, to the extent Defendant maintains social media accounts, Plaintiff does not show that Defendant purposefully directed its social media accounts to Missouri residents in particular. Plaintiff initially reached out to Defendant via Defendant's website, seeking to commission the design of the custom jewelry. (Doc. #1, ¶ 3; Doc. #10-1, ¶¶ 3, 5). This is unilateral activity by the Plaintiff, not purposeful availment by Defendant. *See Burger King*, 471 U.S. at 475. All of Defendant's "employees and agents are based in and work in" New York" and "interacted with Plaintiff solely through [Defendant's] website, text messages, phone calls, and email." (Doc. #10-1, ¶¶ 8–9). These communications are not "a 'deliberate' and 'substantial connection' with" Missouri "such that [Defendant] could 'reasonably anticipate being haled into court there.'" *See Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011) (quoting *Burger King*, 471 U.S. at 474–75). "The 3D-rendering of Plaintiff's custom jewelry took place in New York and all payments Plaintiff made were routed directly to [Defendant's] bank in New York, New York."

---

[3] Plaintiff found Defendant's email address posted on its website, and then used that email address to initiate contact with Defendant. Plaintiff then made layaway payments through Defendant's website. Defendant's website does not create sufficient minimum contacts between Defendant and Missouri. *See Johnson v. Arden*, 614 F.3d 785, (8th Cir. 2010) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)) (holding that accessibility of nonresident company's website in Missouri "alone is insufficient to confer personal jurisdiction"); *see also S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc.*, 79 F. Supp. 2d 537, 541 (E.D. Pa. 1999) (footnote omitted) (citing *Desktop Technologies, Inc. v. Colorworks Reproduction & Design, Inc.,* No. 98–5029, 1999 WL 98572, 1999 U.S. Dist. LEXIS 1934, at *15 (E.D.Pa. Feb. 24, 1999)) (discussing *Zippo* standard and holding that "[t]he presence of an e-mail link or a form for placing orders on a web site does not create the kind of minimum contacts required to establish personal jurisdiction").

(Doc. #10-1, ¶ 11). No agent or employee of Defendant "ever traveled to Missouri to conduct any business on behalf of [Defendant], including any business with Plaintiff." (Doc. #10-1, ¶ 10). Finally, Defendant never manufactured any goods for Plaintiff and never delivered any goods to Plaintiff in Missouri.

The third factor, the relation of Plaintiff's lawsuit to Defendant's Missouri contacts, also weighs against personal jurisdiction over Defendant. Plaintiff argues that "[t]he lone contact of a promise to deliver something to a state is enough to give the state jurisdiction over disputes arising from the breach of that promise." (Doc. #14, p. 7). Even if this Court construed Plaintiff's Count I or V as a breach of contract claim and even if these layaway arrangements were enforceable contracts formed in Missouri, "[m]erely entering into a contract with a forum resident does not provide the requisite contacts between a (nonresident) defendant and the forum state." *Scullin Steel Co. v. Nat'l Ry. Utilization Corp.*, 676 F.2d 309, 313 (8th Cir. 1982) (citing *Iowa Electric Light & Power Co. v. Atlas Corp.*, 603 F.2d 1301, 1303 (8th Cir. 1979)); *see also Burger King*, 471 U.S. at 478 (emphasis in original) ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."). Plaintiff does not point to any binding authority that supports his argument. It is true that Plaintiff made layaway deposits from Missouri via Defendant's website. Had Plaintiff eventually paid the full price on those orders, the jewelry presumably would have been manufactured in New York and shipped to his home in Missouri. However, while "'[a] delivery term that requires a nonresident defendant to deliver an item to a plaintiff in the plaintiff's forum state supports the existence of personal jurisdiction over the nonresident defendant," *K-V Pharm. Co.*, 648 F.3d at 594 (citing *Papachristou v. Turbines, Inc.,* 902 F.2d 685, 686 (8th Cir.1990) (en banc)), Plaintiff points to

7

no term of any agreement requiring Defendant to deliver any item into Missouri.  More importantly, Plaintiff never paid the full price and the jewelry was never manufactured, let alone delivered into Missouri.

The fourth and fifth factors do not change the outcome.  Missouri has an interest in providing a forum for resident individuals like Plaintiff, but this interest does not compensate for the limited contacts between Defendant and Missouri.  Considering the convenience of the parties does not change the balance either way.  Litigating this case in New York would be just as inconvenient for Plaintiff as litigating the case in Missouri would be for Defendant.  *See K-V Pharm. Co.*, 648 F.3d at 595.  In sum, Plaintiff has not shown that Defendant had purposeful contacts in Missouri such that it should have reasonably anticipated litigation in Missouri.  Defendant's contacts with Missouri either result from Plaintiff's unilateral activity or are too attenuated to satisfy due process.  This Court therefore lacks the constitutional authority to exercise personal jurisdiction over Defendant.  On that basis, Defendant's motion is granted.

**IV.  Conclusion**

It is therefore **ORDERED** that Defendant TraxNYC Corp.'s Motion to Dismiss for Lack of Subject Matter and Personal Jurisdiction, and for Plaintiff's Failure to State a Claim (Doc. #10) is granted.  Plaintiff's claims are dismissed without prejudice.  It is **FURTHER ORDERED** that Plaintiff's motion for Mandatory Injunctive Relief and Declaratory Judgment (Doc. #9) is denied as moot.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  May 3, 2019